UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MIKALE BURCHER,<br>          Plaintiff,<br><br>v.<br><br>HY-VEE, INC.,<br>          Defendant. | Case No. 23-2527 |

**COMPLAINT**

Plaintiff Mikale Burcher ("Plaintiff"), for her claims and causes of action against Defendant Hy-Vee, Inc. ("Hy-Vee" or "Defendant") states and alleges the following:

**PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff was, at all times relevant to this Complaint, an employee of the Hy-Vee in Topeka, Kansas and a Kansas resident.

2. Defendant Hy-Vee is an employer within the meaning of Title VII of the 1964 Civil Rights Act, 42 U.S.C. Section 2000e, et seq., ("Title VII").

3. The court has jurisdiction over this action, which includes claims arising under Title VII of the Civil Rights Act of 1964 and the Civil Rights Act of 1991 (42 U.S.C. § 2000e, *et seq.*) ("Title VII"), pursuant to 28 U.S.C. § 1331.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendant is a resident of Kansas and a substantial part of the events or omissions giving rise to the claims herein occurred in the District of Kansas.

5. Plaintiff filed a Charge of Discrimination with the Kansas Human Rights Commission and Equal Employment Opportunity Commission ("EEOC") on February 22, 2022, regarding Defendant's attempt to demote her, and her termination on August 23, 2021. (Charge attached as Exhibit A)

6. The EEOC issued a Notice of Right to Sue on August 31, 2023. This lawsuit is filed within 90 days of the issuance of the Notice of Right to Sue. (Notice of Right to Sue attached as Exhibit B)

## FACTUAL BACKGROUND

7. Plaintiff was employed by the Defendant for over 13 years.

8. Plaintiff most recently served as a regional marketing director and marketing coordinator for Defendant.

9. From November 2019 to 2021, the Store Director, and Plaintiff's Direct Supervisor (hereinafter referred to as "Direct Supervisor"), engaged in harassing and discriminatory conduct that occurred frequently.

10. Without being solicited, Plaintiff's Direct Supervisor told her about his sex life. He also asked a front-end manager, on the store floor where customers could hear, a sexually explicit question about her girlfriend.

11. The Direct Supervisor mocked Plaintiff's co-worker on the basis of that co-worker being African and having an accent and made other racist comments, such as that he liked putting black men in their place.

12. He also bullied Plaintiff's co-workers in other ways.

13. In mid-June 2021 Plaintiff reported to human resources the discriminatory and harassing conduct by her Direct Supervisor.

14. The conduct Plaintiff reported included racial and sexual harassment by her Direct Supervisor directed towards both her and other employees whom he supervised. Plaintiff reported to Defendant that her Direct Supervisor engaged in this type of conduct frequently.

15. In June and July 2021, Defendant interviewed Plaintiff several times in the course of its investigation of Plaintiff's report of discrimination and harassment.

16. After Defendant investigated Plaintiff's complaint, her Direct Supervisor was allowed to continue coming to work, and he was eventually temporarily suspended.

17. During his temporary suspension, her Direct Supervisor was allowed to visit the store on multiple occasions.

18. Her Direct Supervisor was eventually transferred to a management position at a different location of Defendant, and Plaintiff's new supervisor started at her store in August 2021.

19. Upon information and belief, Plaintiff's new supervisor was aware of Plaintiff's complaint and the investigation that occurred in June and July 2021.

20. The new supervisor placed strict work requirements on Plaintiff after he started in August 2021, including working weekends and starting at 7:00 a.m., which she was never required to do previously.

21. In August 2021, Plaintiff's new supervisor attempted to transfer Plaintiff to a new position at her store.

22. The transfer would have been a demotion because Plaintiff would have been required to work more hours at the same rate of pay, with less control over her schedule, and would have been at a lower level of the management hierarchy than her current position. In addition, Plaintiff did not feel that she was qualified for the new position, as it required a completely different skillset than her marketing education background had given her.

23. Plaintiff declined the demotion/transfer.

24. Defendant then offered her a different position that was also a demotion and the rate of pay was substantially less than her current position.

25. After Plaintiff refused to accept both demotions, her employment was terminated on August 23, 2021.

26. Prior to her complaint regarding her Direct Supervisor, Plaintiff had never received any discipline by Defendant and had been informed that she was providing valuable services for Defendant.

## COUNT I – SEXUAL HARASSMENT IN VIOLATION OF TITLE VII

27. Plaintiff incorporates by reference each of the paragraphs set forth above as though fully set forth herein.

28. Plaintiff's Direct Supervisor engaged in sexually harassing behavior toward her and her co-workers frequently.

29. Defendant was aware of the sexually harassing conduct of her Direct Supervisor and failed to take prompt and reasonable action to stop the harassment.

30. As a direct and proximate cause of Defendant's discrimination, Plaintiff has incurred and will continue to incur damages, including but not limited to past and future lost wages and benefits, and emotional distress.

WHEREFORE, Plaintiff prays for judgment in her favor and against Defendant, for a finding that she has been subjected to unlawful discrimination as prohibited by Title VII; for an award of economic damages, including, but not limited to back pay, lost benefits, and front pay, injunctive relief, compensatory, punitive damages, costs incurred herein, reasonable attorneys' fees, and for such other and further relief as this Court deems just, proper, and equitable.

## COUNTS II & III - RETALIATION & RETALIATORY DISCHARGE

31. Plaintiff incorporates by reference each of the paragraphs set forth above as though fully set forth herein.

32. Plaintiff was engaged in protected activity when she complained to Defendant about the harassing and discriminatory actions of her Direct Supervisor and participated in the investigation following her complaint.

33. Defendant took adverse employment action against Plaintiff for her lawful complaint regarding her Direct Supervisor including, but not limited to, offering her two demotions.

34. Defendant took adverse employment action against Plaintiff when it terminated her employment when she refused to accept the demotions offered to her.

35. Defendant took these adverse employment actions in retaliation for Plaintiff's complaint and participation in the investigation.

WHEREFORE, Plaintiff prays for judgment in her favor and against Defendant, for a finding that she has been subjected to unlawful retaliation as prohibited by Title VII; for an award of economic damages, including, but not limited to back pay, lost benefits, and front pay, injunctive relief, compensatory, punitive damages, costs incurred herein, reasonable attorneys' fees, and for such other and further relief as this Court deems just, proper, and equitable.

## DESIGNATION OF PLACE OF TRIAL

Plaintiff designates Kansas City, Kansas as the trial site for this case.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable in this Complaint.

Respectfully submitted,

STEVENS & BRAND, LLP

s/ *Whitney L. Casement*
Whitney L. Casement, #25466
4848 SW 21st Street, Suite 201
Topeka, KS 66604
Tel: 785-408-8000
Fax: 785-408-8003
wcasement@stevensbrand.com
*Counsel for Plaintiff Mikale Burcher*